UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY SULLIVAN | CIVIL ACTION |
| VERSUS | NO. 16-104-JJB-EWD |
| JACOBS FIELD SERVICES | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 29, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

R. Sullivan - Certified Mail Receipt 7004 1160 0003 2648 3979

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROY SULLIVAN**                                                                                          **CIVIL ACTION**

**VERSUS**                                                                                                    **NO. 16-104-JJB-EWD**

**JACOBS FIELD SERVICES**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* plaintiff, Roy Sullivan ("Sullivan"), filed his Complaint in this matter on February 18, 2016.[1] Sullivan filed a Motion to Proceed *In Forma Pauperis* that same day.[2] On March 8, 2016, the court ordered Sullivan to complete form AO-239 – Application To Proceed In District Court Without Prepaying Fees and Costs ("Long Form Application"), to provide additional information for the court to consider Sullivan's request to proceed *in forma pauperis*.[3]

On April 14, 2016, the court ordered Sullivan, to personally appear at a hearing on May 4, 2016 to show cause why his claims should not be dismissed for failure to pay the filing fee or file the completed Long Form Application.[4] Sullivan appeared before the court and advised that he did not receive the court's March 8, 2016 Order. The court provided Sullivan the copy of its March 8, 2016 Order and a blank copy of the Long Form Application at the hearing.

On May 18, 2016, Sullivan filed into the record the completed Long Form Application.[5] On May 31, 2016 the court found Sullivan was not eligible to proceed *in forma pauperis* because the information provided indicated Sullivan had significant equity in his home, as well as cash on hand.[6] On July 5, 2016 the Court issued an Amended Order requiring Sullivan to pay the full filing

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 3.
[4] R. Doc. 4.
[5] R. Doc. 6.
[6] R. Doc. 7.

fee by July 19, 2016.[7]  An additional Amended Order was issued on November 22, 2016, requiring Sullivan to pay the filing fee by December 16, 2016.[8]  The November 2016 Amended Order also directed the clerk of court to serve the Amended Order on Sullivan via certified mail return receipt requested.  On January 5, 2017, the court received notice that the Amended Order was returned undeliverable to the address provided to the court by Sullivan.[9]

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court." *Smithback v. Texas*, No. 07–288, 2007 WL 1518971 at *8 (N.D.Tex. May 24, 2007) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988)). "This authority flows from the court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars." Id. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 326, 629–31 (1962)). "Dismissal of a case for disobedience of a court order is an exceedingly harsh sanction which should be imposed only in extreme cases, and then only after exploration of lesser sanctions." Id. (quoting *Mann v. Merrill Lynch, Pierce, Fenner & Smith*, 488 F.2d 75, 76 (5th Cir.1973)). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." Id. (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir.1982)).

Significant time has passed since Sullivan was denied IFP status and ordered to pay the filing fee in this matter.  A review of the record indicates the filing fee has not been paid.  Although dismissal is a harsh remedy, the court previously conducted a hearing with Sullivan, accepted his

---

[7] R. Doc. 8.
[8] R. Doc. 11.
[9] R. Doc. 10.

3

explanation for failure to comply with the court's March 8, 2016 Order that he had not received a copy of the Order, and provided him with the Order and the Long Form Application. While Sullivan thereafter completed the Long Form Application, he was denied IFP status based on the information provided and he did not seek further review of that determination, nor did he pay the required filing fee.

## **RECOMMENDATION**

It is the **RECOMMENDATION** of the undersigned that this matter be dismissed without prejudice for Plaintiff's failure to pay the filing fee, pursuant Federal Rule of Civil Procedure 41(b).

**IT IS HEREBY ORDERED** that this Report and Recommendation be served on Plaintiff, Roy Sullivan, by certified mail, return receipt requested at 3741 Stinson Avenue, Baton Rouge, LA 70814.

Signed in Baton Rouge, Louisiana, on March 29, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**